*1407 Appeal from a judgment of the Supreme Court, Oneida County (David A. Murad, J.), entered May 12, 2015 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition in its entirety.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding, petitioners appeal from a judgment dismissing their petition seeking, inter alia, to annul the determination granting the application of respondent Stewart’s Shops Corp. (Stewart’s) for a use variance to construct a “vehicle service station with an accessory retail establishment” on the subject property. We affirm.
We reject petitioners’ contention that the determination to grant the use variance lacks a rational basis and is not supported by substantial evidence (see generally Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]). Stewart’s established that “applicable zoning regulations and restrictions have caused unnecessary hardship,” i.e., that it could not realize a reasonable return with respect to the property, that the hardship was unique, that the variance would not alter the essential character of the neighborhood, and that the hardship was not self-created (General City Law § 81-b [3] [b] [i]-[iv]).
We further conclude that respondent Zoning Board of Appeals of City of Utica (ZBA) complied with the requirements of the State Environmental Quality Review Act (ECL art 8) in issuing a negative declaration. Contrary to petitioners’ contention, we conclude that the ZBA properly “identified the relevant areas of environmental concern . . . [and] took a ‘hard look’ at them” (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). Petitioners’ contention that there was no reasoned elaboration underlying the ZBA’s determination is not preserved for our review inasmuch as petitioners failed to raise that issue in their petition (see generally Matter of Blue Lawn v County of Westchester, 293 AD2d 532, 534 [2002], lv denied 98 NY2d 607 [2002]). In any event, we conclude that the contention is without merit (see id.; cf. Matter of Dawley v Whitetail 414, LLC, 130 AD3d 1570, 1571 [2015]).
We have considered petitioners’ remaining contention and conclude that it is without merit.
Present — Whalen, P.J., Peradotto, Lindley, DeJoseph and NeMoyer, JJ.